LIZARDI (GAINES v.). See Cases Nos. 5,-174 and 5,175.

## Case No. 8,421.

### The LIZZIE.

[Blatchf. Pr. Cas. 243.] [1]

District Court, S. D. New York.   Oct. Term, 1862.

PRIZE — SPOLIATION OF PAPERS BY THE MASTER— FALSE DESTINATION OF THE VESSEL'S PAPERS.

Vessel and cargo condemned for an attempt to violate the blockade.

In admiralty.

BETTS, District Judge. This vessel and cargo were captured on the coast of North Carolina by the United States steamer Penobscot, August 2, 1862. The vessel was at the time destroyed by the capturing forces, as unseaworthy, and the cargo was sent to this port for adjudication, and was here libelled September 20, 1862. On the return of the monition as duly served, and on public proclamation thereon made, the default of all persons interested in the cargo was entered. No person intervening for the property on the hearing, the proofs in preparatorio, with the papers found on the vessel, were submitted to the consideration of the court. The vessel held a certificate of British registry, dated at Nassau, N. P., July 21, 1862, issued to George Campbell, of Scotland, merchant, which stated that she was a foreign vessel, built at New York in the year 1840. No bill of sale was attached to or accompanied the registry. Shipping articles of a voyage from Nassau, N. P., to Baltimore, signed by a master, a mate, a cook, and two seamen, were taken from the vessel; there was no date to the shipping articles, nor was any place or time of their execution named therein. A clearance of the vessel from Nassau to Baltimore, July 21, 1862, was on board, and

1 [Reported by Samuel Blatchford, Esq.]

also a bill of lading of the cargo from the owner of the vessel to persons in Baltimore, dated July 19, 1862, without any signature. There was also a note, dated July 22, in the owner's name, to the consignees, addressed to them at Baltimore, advising them of the transmission of the articles named in the bill of lading. The master, the mate, and one seaman, captured with the vessel, were examined as witnesses in preparatorio. The master says that the letter of instruction was given to him by Campbell, and that he, the witness, was directed to throw it overboard if captured, and that he did so when the capturing vessel came in sight. He also says that Campbell appointed him master of the vessel, and that he, the witness, supposed him to be her owner; that he knew that the Southern ports were under blockade, and that that was well known in Nassau; that his vessel was out of a course for Baltimore, where, by her papers, she was bound, and was heading in towards the land; and that he intended to run her on shore. The mate says that the vessel was captured about eight miles to the northward and eastward of Wilmington, in North Carolina; that the fact of the blockade of the coast had been known at Nassau for a long time, and was of general notoriety; that the vessel attempted to enter Wilmington; and that he heard the captain say that, on her last voyage, she sailed out of Wilmington into Nassau. The port was both times under blockade; and the seaman testifies that on the voyage the vessel was steering a course leading her to the port where she was captured.

It seems to me that the case, on the proofs, stands clear of all ambiguity as to the culpable purpose of the voyage, and the actual attempt to carry out that intent. The voyage meant to be run was falsified on the papers. Papers tending to show the design of the voyage were destroyed. The vessel was detected in the effort to violate the blockade, and a decree of condemnation and forfeiture must be entered against vessel and cargo.